AEE

**FILED**
**JANUARY 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 376**

| | |
|---|---|
| CURTIS A. HESTER,              )  | |
|                                 )  | |
|    Plaintiff,    )  | |
|                                 )  | |
| vs.                             )  | Civil Action No. |
|                                 )  | |
| EQUIFAX INFORMATION SERVICES, LLC, ) | **JUDGE DARRAH** |
| and                             )  | **MAGISTRATE JUDGE KEYS** |
| ASSET ACCEPTANCE, LLC,          )  | |
|                                 )  | |
|    Defendant.    )  | |

# COMPLAINT

## I.   Preliminary Statement

1.     This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

## II.   Jurisdiction and Venue

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.   Parties

3.     Plaintiff, CURTIS A. HESTER, is an adult individual and citizen of the State of North Carolina.

4.     Defendant EQUIFAX INFORMATION SERVICES, LLC is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Illinois and is therefore a citizen of the State of Illinois

5.     Defendant, ASSET ACCEPTANCE, LLC, is a business entity that regularly conducts business in the State of Illinois, and is a corporation whose principal place of business

is located in the State of Michigan. Furthermore, at all relevant times herein, Defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to MBNA.

### IV.    Allegations

### COUNT ONE
### VIOLATIONS OF FCRA v. EQUIFAX INFORMATION SERVICES, LLC

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

7. The inaccurate information of which Plaintiff complains is an account, or tradeline, named Asset Acceptance, collecting on behalf of MBNA/Bank of America. Specifically, Plaintiff asserts that he has never had an account with MBNA or Bank of America, however previously had an account with Wachovia Bank that was settled in court and paid in full in 1999. Despite Defendant previously having deleted the account from Plaintiff's credit file, Defendant has disseminated credit reports and/or information reinserting the account as accurately reported and failing to mark the account as disputed by the consumer.

8. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

9. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

10. In June of 2007, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

11. Notwithstanding Plaintiff's efforts, Defendant sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

12. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

13. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Decreased credit score which may result in inability to obtain credit on future attempts.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

16. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

    (a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

    (b) failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

    (c) failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

    (d) failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

    (e) allowing information that was previously deleted to re-appear without notification to the consumer, in violation of 15 U.S.C. § 1681i(a)(5);

(f) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## COUNT TWO
## VIOLATIONS OF FCRA v. ASSET ACCEPTANCE, LLC

21. Plaintiff re-alleges and incorporates paragraphs 1 – 20 as if fully set forth herein.

22. At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

23. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from the aforesaid credit reporting agency;

(b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant by the aforesaid credit reporting agency;

(c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

5

(d)  willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e)  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f)  willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

24. This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT THREE
## VIOLATIONS OF THE FDCPA v. ASSET ACCEPTANCE, LLC

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant began collection of the aforementioned debt in part by placing the debt on Plaintiff's credit report.

27. In June of 2007, Plaintiff submitted a written dispute to one or more credit reporting agencies regarding the account, or trade-line, reported by Defendant.

28. Upon information and belief, within five (5) days of Plaintiff notifying said credit reporting agencies, said agencies notified Defendant of the Plaintiff's dispute and the nature of the dispute.

29. However, Defendant disseminated credit report information regarding the account and as in collections and failed to report that the account is currently disputed by Plaintiff.

30. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

    a. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

    b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8); and

    c. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

31. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    Jury Trial Demand

32. Plaintiff demands trial by jury on all issues so triable.

### VI.    Prayer For Relief

WHEREFORE, Plaintiff, CURTIS A. HESTER, seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e)     An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)     An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)     Such other and further relief as may be necessary, just and proper.

> Respectfully Submitted,
> **CURTIS A. HESTER**
>
> By: ___s/Larry P. Smith_____
>          Attorney for Plaintiff

LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys For Plaintiff
205 North Michigan Avenue, 40th Floor
Chicago, Illinois 60601
Ph: (312) 222-9028
Fax: (312) 602-3911